UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

331 PARTNERS, LLC,　　　　　　　　　　　　　Case No.: 10-00846-MAM

　　*Debtor*.

**ORDER DENYING MOTION TO STAY PENDING APPEAL**

　　Michael P. Brundage, Attorney for the Daakes, Tampa, FL
　　A. Richard Maples, Attorney for the Debtor, Mobile, AL

　　This matter is before the Court on the Daakes' Motion to Stay Pending Appeal. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1), and the Court has authority to enter a final order. For the following reasons, the Motion to Stay Pending Appeal is due to be DENIED.

FACTS

　　This Court put forth its findings of fact with regards to the Debtor and the Daakes in its Orders dated November 9, 2010, which are incorporated by reference. 331 Partners filed its voluntary Chapter 11 petition on February 27, 2010. The Daakes filed a claim in the Debtor's bankruptcy case for $5,212,103.17 (which was later amended to $6,127,273.01). 331 Partners filed its Disclosure Statement and Plan of Reorganization on June 24, 2010, which was amended on July 22, 2010. The Disclosure Statement was conditionally approved on July 29, 2010. Several parties, including the Daakes, filed objections to the amended plan.

　　On August 31, 2010, the Debtor objected to the Daakes' claim. On September 21, 2010, the Debtor filed its Second Amended Chapter 11 Plan which the Daakes objected to on October 14, 2010. The Court held an evidentiary hearing on the Debtor's Objection to the Daakes' Claim

1

on October 18, 2010. At the conclusion of the hearing, the Court took the matter under advisement. The Court also permitted the Daakes an additional week in which to try to perfect service on Chris Jones.

On October 19, 2010, the Court held a Confirmation Hearing on the Debtor's Second Amended Plan. At the hearing, the Court stated that after the hearing the Debtor was to make certain amendments to the plan specifying which lots would go to Myles and Atchison, describing releases of certain parties, and setting forth reservations of rights. The Court ruled that the amendment did not change the plan in a way that would require re-noticing, and the Court ordered that the amendments discussed on the record would be part of the amended plan as confirmed.

The Court issued an Order on November 9, 2010, sustaining the Debtor's Objection to the Daakes' claim. On the same day the Court issued an Order Overruling the Daakes' Objection to Confirmation and Confirming the Second Amended Plan of Reorganization. On November 22, 2010, the Daakes filed a Notice of Appeal to District Court. On November 23, 2010, the Debtor submitted its Second Amended Chapter 11 Plan as Modified and Restated as well as a Motion to Modify Plan and Confirm by Supplemental Order. Later on the same day the Daakes filed their Motion to Stay Pending Appeal and an Objection to the Debtor's Motion to Modify. On November 24, 2010, the Court entered a Supplemental Order Confirming the Modified and Restated Second Amended Chapter 11 Plan of Reorganization.

The Court held a hearing on the Daakes' Motion to Stay Pending Appeal and Objection to Confirmation on December 7, 2009. At the hearing, the Daakes argued that the Court lacked jurisdiction to enter its Supplemental Order Confirming Modified and Restated Second Amended Plan on November 24, 2010, because the Daakes' Notice of Appeal was filed on

November 22, 2010, and their Motion to Stay Pending Appeal was filed on November 23, 2010. The Daakes further argued that there would be no harm in issuing a stay pending appeal because the plan would not be effective until it became "final and non-appealable," and, since an appeal had already been initiated, entering a stay pending appeal would not impact the implementation of the plan. The Daakes also argued that the amendments to the plan were major changes that harmed the Daakes and the other unsecured creditors.

LAW

I. Jurisdiction

The Daakes argue that the Bankruptcy Court lacked authority to enter its Supplemental Order Confirming the Debtor's Second Amended Plan as Modified and Restated following the Daake's filing their Notice of Appeal. While it is a fundamental tenet of federal civil procedure that filing a notice of appeal from the final judgment of a trial court divests that court of jurisdiction, there are certain exception to that rule. *In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002). Retention of jurisdiction to rule on a motion to stay and to enter supplemental orders are two such exceptions.

Bankruptcy Rule 8005 states that motions for stay or similar relief "must ordinarily be presented to the bankruptcy judge in the first instance." FED. R. BANKR. PRO. 8005. This rule is in similar in wording and application to Federal Rule of Appellate Procedure 8(a), and suggests that the first place to seek a stay is at the court whose decision is the basis for the stay. *In re W.R. Grace & Co.*, 2008 WL 5978951 (D. Del. 2008). Rule 8005 does not indicate that an appeal divests the court whose ruling is at issue of its jurisdiction to rule on a Motion to Stay. *Id*.

3

The Eleventh Circuit also recognizes that even after an appeal has been filed, a bankruptcy court retains jurisdiction to enter supplemental orders. *See In re Walker*, 515 F.3d 1204 (11th Cir. 2008); *In re Mosely*, 494 F.3d 1320, 1328 (11th Cir. 2007). In the present case, at the confirmation hearing the Court stated that a supplemental order was due to be entered that would outline non-substantial changes to the Debtor's plan of reorganization. The Daakes were present at that hearing and were given ample notice of the supplemental order. Further, the supplemental order has little to no impact on the Daakes as it defines the final divisions of lots between Myles and Atchison, which the Daakes already knew that Myles and Atchison were receiving. Even though the Daakes had given their notice of appeal, the Court retained jurisdiction to enter its supplemental order.

II. Stay Pending Appeal

According to Bankruptcy Rule 8005, a bankruptcy judge may suspend or order the continuation of proceedings in a bankruptcy case, or make any other appropriate order, during the pendency of an appeal on such terms as will protect the rights of all parties in interest. FED. R. BANKR. PRO. 8005. The four criteria for a stay pending appeal are:

1. Whether the movant has made a showing of likelihood of success on the merits;

2. Whether the movant has made a showing of irreparable injury if the stay is not granted;

3. Whether the granting of the stay would substantially harm the other parties; and

4. Whether the granting of the stay would serve the public interest.

*In re Grand Jury Proceedings*, 689 F.2d 1351 (11th Cir. 1982).

The most significant of the four criteria is the likelihood of success on appeal. *In re Bilzerian*, 264 B.R. 726 (Bankr. M.D. Fla. 2001). "Likelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only 'if the balance of equities (i.e., consideration of the other factors) is … heavily tilted in the movant's favor' will [the court] issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *In re Alexander*, 2006 WL 6589871 (Bankr. N.D. Ga. 2006), *quoting Ruiz v. Estelle* ("*Ruiz II*"), 666 F.2d 854, 857 (5th Cir. 1982).

The Daakes argue that this Court's decision in disallowing the Daakes' claim is clearly erroneous because it "ignores the undisputed proof presented that showed that the Debtor is the successor to CD Jones and, as the true equity holder of CD Jones, the corporate veil between the Debtor and CD Jones should be pierced." The Court has considered the Daakes' argument presented here and finds the Daakes have no likelihood of success on the merits. Based on the evidence of record and testimony presented at the evidentiary hearing on October 18, 2010, the Court would reach the same conclusion set forth in its Order on November 9, 2010. The Daakes are incorrect in asserting that their arguments are "undisputed" and the evidence in their favor is "overwhelming." The Debtors presented the Court with evidence at the evidentiary hearing that substantially outweighed the evidence and legal arguments put forth by the Daakes. Because the Daakes have not made a showing of a likelihood of success on the merits, they have failed to meet the first criteria for a stay pending appeal.

Even if the first prong cannot be met, it may still be appropriate to issue a stay pending appeal where the remaining factors weigh heavily in favor of granting the stay and the movant can prove it has a "substantial case on the merits." *Gonzalez v. Reno*, 2000 WL 381901, at *1 (11th Cir. 2000). The Daakes argue that the remaining factors weigh in their favor. First, they

5

argue that failure to grant a stay pending appeal will cause irreparable harm because the Plan is effectively a liquidating plan and, without a stay, there will be no debtor entity to recover from should the Daakes prevail. They argue that the Debtor's only remaining assets are the lots in Villa Lago and, unless a stay is imposed, these assets could be transferred to insiders and subsequently third parties making the assets unrecoverable. Second, the Daakes argue that the adverse parties will not suffer substantial harm from the imposition of a stay because they cannot show that they will lose income or that the assets to be conveyed to them under the plan will depreciate in value. With regards to the final prong of public policy concerns, the Daakes state that there are no public policy interests involved.

In support of these arguments, the Daakes cite the District Court for the Southern District of Alabama's opinion in *In re Forrest Oaks, LLC*, 2010 WL 1904340 (S.D. Ala. 2010). In that case, the District Court considered appellant/debtor Forrest Oaks' Motion to Stay Pending Appeal of the Bankruptcy Court's Order. In the underlying bankruptcy case, the bankruptcy court dismissed the debtor's case for failure to present a plan. Following dismissal, the debtor's largest secured creditor, SPCP, began foreclosure proceedings which prompted the debtor to file a motion to stay pending appeal. The bankruptcy court refused to enter a stay pending appeal because there was no likelihood of the appellant's success on the merits, the major secured creditor would suffer substantial harm as a result of further delay, and it was in the public interest to avoid creating a plan that was based on insider deals. On appeal to the District Court, District Judge Butler determined that even though the movant/debtor could potentially suffer irreparable harm, SPCP would suffer substantial harm if the matter was stayed, and since there was little or no public interest involved the movant/debtor had not proven that the public interest

prong was in it's favor. In light of these considerations the District Court agreed with the bankruptcy court and refused to grant a stay pending appeal.

Like the movant/debtor in Forrest Oaks, there is a possibility that the Daakes could suffer irreparable harm if a stay is not entered. However, this possibility is more remote than the possibility of irreparable harm was in Forrest Oaks because in this case there is no evidence that the lots in question will necessarily be transferred from the Debtor, Myles, or Atchison to third parties. Further, like SPCP in Forrest Oaks, the Debtor, Myles, and Atchison will suffer substantial harm if the stay is granted. A stay will prevent them from even entering into leases on their property or making improvements to their lots. The Daakes put forth no argument regarding public policy, therefore the final factor does not weigh in their favor. The Daakes have failed to establish that the remaining criteria for a stay pending appeal weigh heavily in their favor.

Given the lack of likelihood of success on the merits and a failure to tilt the "balance of equities" in their favor, the Daakes are not entitled to a stay pending appeal. Therefore, it is ORDERED that the Daake's Motion for Stay Pending Appeal is DENIED.

Dated: December 16, 2010

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE